

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00406-CV

---

IN THE INTEREST OF K.T., A CHILD

---

**On Appeal from the County Court at Law**
**Moore County, Texas**
**Trial Court No. CL148-17, Honorable Delwin T. McGee, Presiding**

---

January 28, 2019

## MEMORANDUM OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

"Kathy"[1] appeals the trial court's order terminating her parental rights to her daughter, "Kate." Appointed counsel for Kathy has filed an *Anders*[2] brief in support of a motion to withdraw. Finding no arguable grounds for appeal, we affirm the judgment of the trial court.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant mother as "Kathy," the father of the child as "Paul," and the child the subject of this appeal as "Kate." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b).

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

## Background

In August 2017, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of the parental rights of Kathy and Paul as to their eight-month-old daughter, Kate, due to allegations of neglectful supervision, domestic violence, and methamphetamine use.[3] During the Department's investigation, Kathy denied any substance abuse. After Kate tested positive for methamphetamine, Kathy and Paul submitted to a hair follicle drug test and a cheek swab drug test requested by the Department. Kathy and Paul's drug tests were positive for methamphetamine.

The Department developed a family service plan for Kathy. Kathy's service plan required her to complete the following services: maintain a drug-free lifestyle and abstain from the use of illegal drugs; complete a drug and alcohol assessment with Outreach Screening Assessment and Referral (OSAR) and follow all recommendations; submit to random drug testing; participate in rational behavior training (RBT); attend individual counseling; participate in a psychosocial evaluation; maintain stable housing; obtain employment; maintain contact with the Department; and attend weekly visitation with Kate.

Kathy submitted to a psychosocial evaluation and completed RBT. She submitted to some but not all of the requested drug testing. Kathy completed two OSAR evaluations. In the first evaluation, Kathy told the evaluator that she had used methamphetamine in the past, but that she had been clean since 2014. Kathy reported drinking alcohol two to

_____

[3] The court also terminated Paul's parental rights as to Kate in this suit, but Paul did not appeal.

three days every other week. Based on this information, the evaluator referred Kathy to recovery support services. In June of 2018, Kathy submitted to another OSAR evaluation. In that evaluation, Kathy reported smoking methamphetamine two to three days per week since May. The evaluator recommended in-patient drug treatment at Plainview Serenity Center. At a hearing on August 9, 2018, the judge ordered Kathy to attend an in-patient drug treatment program within thirty days, but she declined to do so because she "had other things that kept coming up." Kathy had at least five opportunities to attend a drug treatment program in the months leading up to the trial and provided multiple excuses why she chose not to go to treatment.

At the time of trial, Kate was twenty-two months old and placed in a foster home. Kate is doing well in her placement. Kate is bonded with her foster parents and they want to adopt her.

A bench trial was held on October 29, 2018. The Department presented evidence that the Moore County sheriff's office investigated a domestic violence incident between Kathy and Paul in January of 2018 and investigated a domestic disturbance between Kathy and Paul in September of 2018.

At trial, Kathy testified that she had not used drugs in the last thirty days. She participated in parenting classes and completed the last parenting class on the day of trial. The Department presented testimony that Kathy tested positive on multiple drug tests given throughout the pendency of the case. According to the caseworker, Kathy refused to submit to a drug test three times. Kathy started counseling and has a part-time job that started the day after the trial. While Kathy participated in weekly visitation

with Kate, Kathy ended some visitation periods thirty minutes to one hour before the period was scheduled to end. Before the Department's attorney had finished asking her questions at trial, Kathy announced, "I am done," and refused to answer further questions. After a brief recess, Kathy returned to the courtroom and stated, "I'm not going to testify." Although testimony continued, the record reflects that Kathy left the courtroom after testimony resumed.

The trial court terminated Kathy's parental rights on the grounds of endangering conditions, endangerment, refusal to submit to a court order, constructive abandonment, failure to comply with a court order that established actions necessary to retain custody of the child, and failure to complete a court-ordered substance abuse treatment program. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (I), (N), (O), and (P) (West Supp. 2018).[4] The trial court also found that termination was in the best interest of Kate. *See* § 161.001(b)(2). The court appointed the Department as the permanent managing conservator of Kate.

## Analysis

Pursuant to *Anders*, Kathy's court-appointed appellate counsel has filed a brief certifying that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination

---

[4] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Kathy, and notifying her of her right to file a pro se response if she desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Kathy has not filed a response.

Due process requires that termination of parental rights be supported by clear and convincing evidence. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (citing *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002)). This standard falls between the civil preponderance of the evidence standard and the reasonable doubt standard of criminal proceedings. *Id.* at 73. Clear and convincing evidence is that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014). Reviewing the legal sufficiency of the evidence supporting parental termination requires us to review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In a factual sufficiency review, we are to determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief about

5

the truth of the matter on which the movant bore the burden of proof. *In re C.H.*, 89 S.W.3d 17, 28-29 (Tex. 2002); *In re T.B.D.*, 223 S.W.3d 515, 517 (Tex. App.—Amarillo 2006, no pet.). By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports termination under subsections (D), (E), (O), and (P). *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re T.N.*, 180 S.W.3d 376, 384 (Tex. App.—Amarillo 2005, no pet.) (only one predicate finding under section 161.001(b)(1) is necessary to support termination when there is also a finding that termination is in a child's best interest).

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that a reasonable factfinder could have formed a firm belief or conviction that sufficient evidence existed to support at least one ground for termination, and that termination of Kathy's parental rights was in Kate's best interest. *See In re A.V.*, 113 S.W.3d at 362; *In re T.N.*, 180 S.W.3d at 384. After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order terminating Kathy's parental rights to Kate is affirmed.[5]

Judy C. Parker
Justice

---

[5] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).